956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert S. CHAPPELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee
 Nos. 88-2898, 90-1556.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1992.*
Decided March 5, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Robert Chappell was convicted of mail fraud on November 19, 1981 and his conviction was affirmed on direct appeal. United States v. Chappell, 698 F.2d 308 (7th Cir.1983) cert. denied, 461 U.S. 931, 103 S.Ct. 1095, 77 L.Ed2d 304 (1983). This is a consolidated appeal of Chappell's two habeas corpus actions brought pursuant to 28 U.S.C. § 2255.[1]
 
 BACKGROUND
 
 2
 Chappell filed his first § 2255 motion on April 17, 1987. He raised the following issues, none of which had been raised on direct appeal: 1) ineffective assistance of trial counsel; 2) prosecutorial misconduct; 3) judicial misconduct and 4) failure to present certain evidence to the jury. The district court found that Chappell was procedurally barred from raising these issues in a collateral proceeding and rejected Chappell's argument that ineffective assistance of trial counsel constituted cause for failure to raise the issues on direct appeal. We affirmed the district court. Chappell v. U.S., No. 88-2898 (7th Cir. June 2, 1989).
 
 
 3
 Chappell petitioned for certiorari before the Supreme Court. The Solicitor General filed a Brief in Opposition, supporting the holding of the lower court. The Supreme Court granted certiorari, vacated our decision and remanded for review in light of the Solicitor General's brief. United States v. Chappell, 58 U.S.L.W. 3657 (1990).[2]
 
 
 4
 In the meantime, Chappell filed a second § 2255 motion, this time alleging ineffective assistance of appellate counsel. The district court again denied this motion, holding that the second motion was barred by his failure to raise the issue in the first § 2255 motion, and even if it were not, plaintiff's appellate counsel was not ineffective.
 
 ANALYSIS
 I. No. 88-2898
 
 5
 It is well-established that where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1981). Chappell failed to raise his claims of prosecutorial misconduct, judicial misconduct and failure to present evidence on direct appeal. He argues that ineffective assistance of trial counsel constitutes cause for this default. We reject his claim and affirm the decision of the district court.
 
 
 6
 In order to show cause for a procedural default, Chappell must demonstrate that some objective factor external to the record impeded his counsel's efforts to bring a claim on direct appeal. Murray v. Carrier, 477 U.S. 478, 497, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Chappell does not explain how performance of his trial counsel bore any relation to the failure of different appellate counsel to raise an issue on appeal. Consequently, he is barred from bringing his prosecutorial misconduct, judicial misconduct and evidence claims.
 
 
 7
 A separate issue is whether Chappell is barred from bringing his ineffective assistance of trial counsel claim for the first time in a § 2255 motion. In this circuit, a defendant is not barred from bringing an ineffective assistance of counsel claim for the first time in a post-conviction proceeding if the claim is based on extrinsic evidence. U.S. v. Taglia, 922 F.2d 413, 418 (7th Cir.1991). Because Chappell is proceeding pro se, we are obliged to construe his pleadings liberally. Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir.1987). Chappell alleges a conflict of interest, which, if true, is a matter which would be proved by submitting evidence outside of the trial record. Therefore, he may raise the ineffective assistance of trial counsel issue in this post-conviction proceeding.
 
 
 8
 Nonetheless, Chappell's claim fails on the merits. In order to succeed in a ineffective assistance of counsel claim based on a conflict of interest, Chappell must demonstrate that counsel actively represented conflicting interests. Strickland v. Washington, 466 U.S. 668, 692, 97 S.Ct. 2497, 53 L.Ed.2d 694 (1977); U.S. ex rel. Bradley v. Lane, 834 F.2d 645, 650 (7th Cir.1987). General accusations of a conflict are insufficient. Lane, 834 F.2d at 650.
 
 
 9
 Chappell's petition contains only vague and near incomprehensible allegations regarding the alleged conflict of interest. He alleges an unspecified conflict of interest wherein his trial counsel needed to obtain a conviction so that he could obtain a reversal on appeal. He also makes general allegations that his trial counsel breached his duty of loyalty by having "so called coffee sweetener" put in his coffee the night before the trial to keep him up all night and by not taking Chappell's defense seriously. These unsupported, unverified and vague allegations of a conflict of interest do not constitute ineffective assistance of counsel under Strickland. Lane, 834 F.2d at 650.
 
 
 10
 Chappell's argument that his trial counsel's performance was deficient is also without merit. We indulge a strong presumption that counsel's performance fell within the broad range of professional conduct. Under Strickland, Chappell must identify specific acts or omissions which demonstrate that counsel's representation fell below an objective standard of reasonableness. In addition, he must present evidence that there is a reasonable probability that but for counsel's errors, the outcome would have been different. Strickland, 466 U.S. at 690-692; United States v. Guerrero, 938 F.2d 725, 727 (7th Cir.1991).
 
 
 11
 Chappell alleges a myriad of errors including failure to call certain witnesses, relying on a case not on point, advising Chappell to make a 20 minute speech at sentencing, injecting "a corney (sic) story about Lyndon Johnson" into closing argument, failure to hire an accountant, refusal to make an unspecified objection at closing argument. All of these allegations are vague and unsupported by citations to the record. They do not rise to the level of specificity required to demonstrate error under the first prong of Strickland.
 
 
 12
 Because failure to satisfy either prong of Strickland is fatal to an ineffectiveness claim, we are not obligated to address the second prong. Chichakly v. United States, 926 F.2d 624, 630 (7th Cir.1991). Nonetheless, for the sake of thoroughness we briefly dispose of Chappell's argument that he was prejudiced by the alleged errors. Chappell's brief is replete with conclusory allegations that he was prejudiced by trial counsel's performance. Bald allegations of prejudice are insufficient to demonstrate ineffective assistance of counsel. Barkauskas v. Lane, 946 F.2d 1292, 1295 (7th Cir.1991).
 
 II. No. 90-1556
 
 13
 Chappell fares no better with his second § 2255 motion which alleges ineffective assistance of appellate counsel based on the failure of appellate counsel to raise on direct appeal the four issues raised in his first § 2255 motion. We affirm the district court and hold that Chappel's § 2255 motion constitutes an abuse of the writ due to his failure to raise the issues in his prior § 2255 petition, and that even if it did not, his claim fails on the merits.
 
 
 14
 Under Rule 9 of the rules governing § 2255 proceedings, the district court may dismiss a second or successive motion if failure to raise new grounds constitutes an abuse of the writ. A petitioner may abuse the writ of habeas corpus by failing to raise a claim through inexcusable neglect. McClesky v. Zant, 111 S.Ct. 1454, 1468, 113 L.Ed.2d 512 (1991). The government bears the burden of pleading abuse of the writ. The petitioner must then disprove abuse. The standard of review for abuse of the writ is identical to that for procedural default: the petitioner must demonstrate cause for failing to raise the claim, and actual prejudice resulting from the errors. McClesky, 111 S.Ct. at 1470.
 
 
 15
 The government satisfied this burden by noting in its brief that Chappell failed to raise his claim of ineffective assistance of appellate counsel in his first § 2255 petition. However, Chappell does not attempt to show cause or even discuss his failure to raise the issue in his prior petition. Instead, he repeats his allegations of ineffective assistance of trial counsel and makes unsupported claims that the cause and prejudice standard for reviewing § 2255 claims not raised on direct appeal is unconstitutional, an issue completely separate from abuse of the writ and therefore irrelevant.
 
 
 16
 Moreover, nothing in the record suggests that Chappell could establish cause excusing abuse of the writ. He represented himself in both § 2255 proceedings. The trial and appellate records were available to him at the time he filed his first § 2255 petition. There was no external impediment which prevented him from raising the ineffective assistance of appellate counsel claim below. Therefore, we dismiss his second § 2255 petition on grounds that it constitutes an abuse of the writ.
 
 
 17
 Even if Chappell had not abused the writ, his ineffective assistance of appellate counsel claim is meritless because he fails to make any argument to support his claim. Conclusory allegations of ineffectiveness are insufficient. Barkauskas, 946 F.2d at 1295.
 
 CONCLUSION
 
 18
 For the foregoing reasons, the decision of the district court dismissing No. 88-2898 and the decision of the district court dismissing No. 90-1556 are
 
 
 19
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Chappell's Motion for Decision on Appeal is denied as moot
 
 
 [2]
 Although the Solicitor General supported our holding, it urged us to adopt a rule that where a defendant is represented by different counsel on appeal, he waives any ineffective assistance of trial counsel unless he brings it on direct appeal. We decline to adopt such a rule in this case